FILED
United States Court of Appeals
Tenth Circuit

August 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TINA GARCIA,

　　　　Plaintiff - Appellee,

　　v.

BERKSHIRE LIFE INSURANCE
COMPANY, a wholly-owned
subsidiary of The Guardian Life
Insurance Company of America; THE
GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA, a foreign
insurance company,

　　　　Defendants - Appellants.

No. 09-1109

(D. Colorado)

(D.C. No. 04-CV-01619-LTB-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Defendant and appellant Berkshire Life Insurance Company ("Berkshire") appeals the denial of its motion for attorneys' fees and a set-off of the cost judgment it had been awarded against disability payments it owed to the plaintiff and appellee, Tina Garcia. Ms. Garcia's attorney withdrew as counsel during the pendency of this appeal, and Ms. Garcia therefore proceeds *pro se*. She has not filed an appellate brief. We reverse and remand.

## BACKGROUND

In 1991, Ms. Garcia purchased a disability policy from Berkshire, under which she would receive benefits if "due to injury or sickness [she was] unable to perform the material and substantial duties of [her own] occupation," and she was "not engaged in any occupation in which [she] might reasonably be expected to engage with due regard for [her] education, training, experience, and prior economic status." Garcia v. Berkshire Life Ins. Co., 569 F.3d 1174 (2009) ("Garcia I") (quoting the record in that case).[1] In 1998, Ms. Garcia filed for benefits under the policy, and Berkshire eventually paid full benefits through August 6, 2003. At that date, Berkshire suspended payment of benefits, claiming that Ms. Garcia had failed to comply with certain provisions of her policy.

---

[1]This matter was before our court previously, when we affirmed the dismissal of Ms. Garcia's underlying lawsuit claiming Berkshire denied her benefits in bad faith, as a sanction for Ms. Garcia's abusive litigation practices. We discuss the procedural history further, *infra*.

Berkshire eventually approved Ms. Garcia's claim for total disability benefits as of February 1, 2007.  It refused, however, to pay benefits for the period between August 2003 and February 2007, "primarily because of Ms. Garcia's alleged failure to comply with critical policy provisions."  Id. at 1177.[2]

During this period of dispute, Ms. Garcia filed an action against Berkshire, claiming it was denying her benefits in bad faith and in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et. seq.  Both sides eventually filed motions for summary judgment, and Berkshire filed an additional motion for sanctions, claiming that Ms. Garcia had falsified or fabricated at least four discovery documents.  The magistrate judge to whom the matter was referred concluded that Ms. Garcia had, indeed, prepared fabricated evidence, and recommended that Berkshire's motion for sanctions be granted and that Ms. Garcia's claims be dismissed with prejudice.  The district court adopted the magistrate judge's recommendation in full, and granted Berkshire's motion for sanctions.  Separately, "the district court granted Berkshire's motion for summary judgment on the merits, largely premised on the conclusion that Ms. Garcia did not comply with the proof of loss requirements in her policy, and that therefore Berkshire did not breach the insurance policy as a matter of law."  Garcia I, 569 F.3d at 1179.

---

[2]Further details concerning this initial litigation between Ms. Garcia and Berkshire may be obtained from our prior opinion.  We only cite those facts relevant to the precise issue before our court in this appeal.

Ms. Garcia appealed those rulings to our court, which affirmed the sanction of dismissal and did not reach the merits of the summary judgment issues. See Garcia I. We remanded the case for the limited purpose of determining whether Ms. Garcia falsified additional documents during the appeal, and, if so, determining the amount of a reasonable attorneys' fee award. We retained jurisdiction over that appeal, however, "for the purpose of determining whether to impose sanctions on appeal." Garcia I, 569 F.3d at 1183.

Meanwhile, while that prior appeal was ongoing, Berkshire filed a motion in the district court seeking attorneys' fees and a set-off of the cost judgment it had been awarded against Ms. Garcia's disability payments. The district court summarily denied the motion, without explanation. Berkshire now appeals that denial.

## DISCUSSION

At the time this appeal was filed, Berkshire was paying Ms. Garcia $5530 per month.[3] The district court entered a cost judgment against Ms. Garcia for $15,986.23. Berkshire claims that "[s]ubject to maximum limits for statutory exemptions, Berkshire is entitled to offset from any future obligations for Garcia the amount of the cost judgment and any subsequent attorneys' fees or appellate

---

[3]In its motion before the district court, Berkshire opined that those disability payments were "upon information and belief" Ms. Garcia's primary asset.

-4-

costs awarded by the Court in the present appeal or in Case No 08-1022 [the other appeal still pending in our court]." Appellant's Br. at 4-5.

Berkshire essentially relies upon one Colorado case, as well as two particular Colorado statutes, to resolve this matter of Colorado law. Berkshire cites Finance Acceptance Co. v. Breaux, 419 P.2d 955 (Colo. 1966), for the proposition that "the state Supreme Court has ruled that an employer may set off amounts owed under a promissory note given by its former employee, from the amount of wages still to be paid, up to the statutory exemption limit." Appellant's Br. at 5.

It also relies upon two Colorado statues relating to exempt property and exemption from garnishment. The first statute, Colo. Rev. Stat. § 13-54-102(1)(v), exempts "[a]ny claim for public or private disability benefits due, or any proceeds thereof, not otherwise provided for under law, up to three thousand dollars per month. Any claim or proceeds in excess of this amount shall be subject to garnishment in accordance with section 13-54-104." Colo. Rev. Stat. § 13-54-104, in turn, states that the maximum amount of "earnings" of an individual that may be subject to garnishment or levy are "[t]wenty-five percent of the individual's disposable earnings for that week; or . . . [t]he amount by which the individual's disposable earnings . . . exceed thirty times the federal minimum hourly wage. . .; or . . . the amount by which the individual's disposable earnings . . . exceed thirty times the state minimum hourly wage . . ." Id.

(2)(a)(I)(A), (B), (C).  "Earnings" includes "[f]unds held in or payable from any . . . disability insurance."  Id. (1)(b)(I)(B).  Thus, Berkshire argues that after deducting $3000 from the monthly payment stipulated in the disability policy, the remaining $2530 would be subject to garnishment.  But, Berkshire would only be entitled to withhold up to twenty-five percent of $2530 from each payment made, until all judgments are repaid.  While Berkshire argues that Ms. Garcia conceded this point in her response brief filed before the district court, in fact she did no such thing.  She argued "Berkshire's attempt to offset monthly disability benefits should be denied as a matter of law."  Plaintiff's Reply to Def.'s Mot. for Award of Attorneys' Fees and Mot. for Setoff Against Disability Payments at 43, Appellant's App. at 223.

Because Berkshire relies upon Finance Acceptance Co., we consider whether it stands for the proposition Berkshire claims it does.  In that case, Joseph Breaux had been a long-time employee of Finance Acceptance Co.  When his employment was terminated in November 1962, Mr. Breaux owed Finance Acceptance nearly $10,000, evidenced by two promissory notes.  Finance Acceptance, in turn, owed Mr. Breaux $617.91 as wages due for overtime work, as well as $437.04, which represented Mr. Breaux's interest in a retirement plan operated by Finance Acceptance for its employees.  Thus, the trial court found that Mr. Breaux owed Finance Acceptance $9,652.36, and Finance Acceptance owed him $617.91 in unpaid wages.

Mr. Breaux "claimed that 70% of his wage claim was exempt from levy under C.R.S. 77-2-4 [the predecessor to § 13-54-102] and that, being exempt from levy, it was by the same token also exempt from being in any matter set-off against his indebtedness to plaintiff." Finance Acceptance Co., 419 P.2d at 956. The trial court agreed and set-off only 30% of the total claim for unpaid wages. The trial court held that none of the money owed Mr. Breaux from his payments into the retirement fund could be set-off.

On appeal, the Colorado Supreme Court noted that there were no Colorado cases directly on point on the question of "whether property which by statute is exempt from levy under execution, attachment or garnishment is also exempt from the law of set-off." Id. at 957. The Court observed that "[t]he decided weight of authority . . . from other jurisdictions is that such exempt property is not subject to being set-off against any indebtedness on the part of the employee to his employer." Thus, the Court concluded that "the trial court did not err in refusing to set-off against the defendants' admitted indebtedness to the plaintiff 70% of Joseph Breaux's claim against plaintiff for unpaid wages." Id. at 958.

On the other hand, the Court held that the entire amount of Mr. Breaux's claim for the return of pension funds paid into the retirement plan was subject to set-off. These monies were not considered "earnings," but, rather, were paid pursuant to a contract and therefore, because they were not statutorily exempt, they were subject to being set-off.

-7-

In sum, this case supports Berkshire's argument that Ms. Garcia's disability payments ("earnings" under the relevant statutes) can be set-off up to the statutory exemption levels. We thus agree that Berkshire is entitled to withhold up to twenty-five percent of $2530 (i.e., approximately $600) from each payment it makes, until the entire judgment owed by Ms. Garcia to Berkshire is fully paid.

For the foregoing reasons, we reverse the district court's decision and remand this case for further proceedings consistent herewith.

## CONCLUSION

The district court's decision is REVERSED and we REMAND this matter to the district court for further proceedings consistent with our decision.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge